IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LESHAWN WASHINGTON,  :
:
        Petitioner,  :
:
v.  :      Civil Action No. 16-107-RGA
:
DAVID PIERCE, Warden, and  :
ATTORNEY GENERAL OF THE  :
STATE OF DELAWARE,  :
:
        Respondents.  :

## MEMORANDUM OPINION

LeShawn Washington. *Pro se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

May 8, 2017
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss the Petition as Time-Barred (D.I. 19), which the Court granted. (D.I. 22) For the reasons discussed, the Court will grant the State's Motion to Dismiss (D.I. 24) and will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

As set forth by the Delaware Supreme Court in Petitioner's direct appeal:

In January, 2011, JoeQwell Coverdale, [Petitioner], and several friends went to First State Lanes, a bowling alley in New Castle County. Coverdale and one friend stayed in the parking lot smoking marijuana, while [Petitioner] and the others went into the bowling alley.

Sometime after [Petitioner] entered the bowling alley, Officer Jonathan Yard of the New Castle County Police Department, who was on patrol, decided to stop and go into the bowling alley. After Officer Yard arrived, he heard multiple gun shots fired inside the building. A great many screaming patrons began streaming out from the bowling alley. Six people were found wounded inside the bowling alley.

The record reflects that [Petitioner] was in possession of a handgun that evening. Later that evening, [Petitioner] said to Coverdale that he—[Petitioner]—had seen several people he "had a beef with" and "I think I got him, I think I hit one of them."

Anthony Stanley, one of the shooting victims, was interviewed on videotape by Detective Stephen Legenstein ("Detective Legenstein"). Stanley told the Detective that he was in a dispute with [Petitioner], and this disagreement led to the shooting. Stanley identified [Petitioner] as the person who shot him, picking him out from a photo array. Stanley admitted he was shooting at [Petitioner] as well.

[Petitioner] was charged with four counts of Assault in the First Degree, two counts of Assault in the Second Degree, twelve counts of [Possession of a Firearm During the Commission of a Felony ("PFDCF")] and six counts of Reckless Endangering in the First Degree. Stanley was also charged with several crimes for his role in the shooting.

*Washington v. State*, 62 A.3d 1224 (Table), 2013 WL 961561, at *1 (Del. 2013). Petitioner was indicted on four counts of first degree assault, two counts of second degree assault, six counts of first degree reckless endangering, and thirteen counts of PFDCF. (D.I. 24 at 2) The State *nolle prossed* one of the firearm charges, and a Delaware Superior Court jury found Petitioner guilty of the remaining twenty-four charges. On June 8, 2012, the Superior Court sentenced Petitioner to a total of ninety-four years at Level V incarceration, suspended after fifty-six years, followed by probation. (D.I. 24 at 2) Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence on March 12, 2013. *See Washington*, 62 A.3d 1224 (Table), 2013 WL 961561, at *3.

On March 12, 2014, while represented by counsel, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 20-7 at 2) The Superior Court denied the Rule 61 motion on August 29, 2014 (D.I. 19-2 at 18 Entry No. 60), and the Delaware Supreme Court affirmed that decision on November 13, 2014. *See Washington v. State*, 2015 WL 789794, at *4 (Del. Feb. 24, 2015). The Delaware Supreme Court issued its mandate on March 28, 2013. (D.I. 24 at 2)

Petitioner filed the instant Petition in February 2016, asserting the following grounds for relief: (1) the trial court erred by admitting the § 3507 statement of JoeQwell Coverdale; (2) the indictment was multiplicitous; (3) Petitioner was denied his right to a public trial; (4) defense counsel provided ineffective assistance; and (5) the State engaged in prosecutorial misconduct by presenting perjured testimony. (D.I. 1) In response, the State filed a Motion for Leave to File a Motion to Dismiss the Petition (D.I. 19), which the Court granted. (D.I. 22) The Motion to

Dismiss was docketed separately. (D.I. 24) Although provided with an opportunity to file an Answer to the State's Motion to Dismiss (D.I. 25), Petitioner did not do so.

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on March 12, 2013, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on June 10, 2013.[1] Applying the one-year limitations period to that date, Petitioner had until June 10, 2014 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until February 22, 2016,[2] more than two years after that deadline. Thus, the Petition is time-barred,

---

[1] Pursuant to Supreme Court Rule 13.1, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after the entry of judgment." Sup. Ct. R. 13.1. Consequently, the "triggering" date for Sup. Ct. R 13.1's 90 day filing period is March 12, 2013, the date on which the Delaware Supreme Court affirmed Petitioner's conviction, and not March 28, 2013, the date on which the mandate was issued.

[2] The date on the signature line for the Petition is February 22, 2015 (D.I. 1 at 16), but a page attached to the Petition and signed by Petitioner is dated February 22, 2016 (D.I. 1-1 at 1). In addition, the envelope postmark date is February 25, 2016. (D.I. 1 at 17) Consequently, it appears that the 2015 signature date is a typo and that the Petition was actually signed on February 22, 2016. Pursuant to the prisoner mailbox rule, the Court adopts as the filing date February 22, 2016, which is the date on the Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

4

and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones*, 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, when Petitioner filed his Rule 61 motion on March 12, 2014, 274 days of AEDPA's limitations period had already expired. The Rule 61 motion tolled the limitations period through February 24, 2015, the day on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion. The limitations clock started to run on February 25, 2015, and the remaining 91 days ran without interruption until the limitations period expired on May 27, 2015. Thus, even after application of the applicable statutory tolling, the Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court does not discern, that any extraordinary circumstances prevented him from filing his Petition in a timely manner. To the extent Petitioner's late filing was due to a mistake or miscalculation of the one-year filing period, such a mistake does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the Court will grant the State's motion to dismiss the instant Petition as time-barred.

### III. PENDING MOTION

Petitioner filed a Motion to Appoint Counsel. (D.I. 28) Given the Court's conclusion that the Petition must be denied as time-barred, the Court will dismiss the Motion as moot.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred, and reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court will grant the State's Motion to Dismiss the Petition as time-barred (D.I. 24) without holding an evidentiary hearing. An appropriate Order will be entered.